# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 24, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

### 2016-SC-00413-MR

BRIAN RAMSEY          APPELLANT

ON APPEAL FROM KENTON CIRCUIT COURT
V.       HONORABLE PATRICIA M. SUMME, JUDGE
NO. 16-CR-00172

COMMONWEALTH OF KENTUCKY          APPELLEE

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Brian Ramsey, appeals from a judgment of the Kenton Circuit Court convicting him of second-degree robbery; two counts of tampering with physical evidence; being a first-degree persistent felony offender; and sentencing him to a total of twenty years in prison. As grounds for relief, Appellant contends that he is entitled to a reversal of the trial court's judgment because the prosecutor made improper statements during the Commonwealth's closing arguments. For the reasons stated below, we affirm.

In December 2015, Appellant entered a bank in downtown Covington and passed a note to the teller demanding money and indicating that he had a gun. The teller handed over approximately $2,000.00.

Through a series of eye-witnesses, police easily traced Appellant's getaway path from the bank, and he was captured a short time later at the Florence Mall, where he had spent much of the stolen money. A portion of the stolen cash was recovered from his person at the time of his arrest. About a week after his arrest, and while incarcerated awaiting trial, another $250.00 of the robbery proceeds was discovered concealed inside Appellant's anal cavity.

Appellant was charged with second-degree robbery, two counts of tampering with physical evidence, and of being a first-degree persistent felony offender. One charge of tampering with evidence involved the money removed from Appellant's rectum.

As his only ground for relief, Appellant contends that the prosecutor engaged in misconduct when he said the following during his guilt-phase closing argument:

> A week after the robbery, he's still got evidence shoved up his own backside. *Again, still a week later, after he's been arrested, hiding the evidence from police. I can only imagine hoping to take that money off so he can spend it in prison somewhere I suppose.* [Objection overruled.] Whatever he was going to do with it, by where he put it, he was hoping no one was going to find it there.

Appellant contends that this argument is improper because it mentions prison, and he further contends, "if [the improper comment] did not lead to his conviction, it could have led to the harsh sentence that the jury recommended." In that vein, Appellant points out that he received the maximum available sentence for the crimes.

"The parties have wide-latitude during closing statements to argue their respective cases, to comment on the evidence and draw reasonable inferences

2

therefrom, and to draw attention to the weaknesses in the opposing party's case." *Ordway v. Commonwealth*, 391 S.W.3d 762, 796 (Ky. 2013). Further, "In order to justify reversal, the misconduct of the prosecutor must be so serious as to render the entire trial fundamentally unfair." *Stopher v. Commonwealth*, 57 S.W.3d 787, 805 (Ky. 2001) (citation omitted). In addition, "we reverse for prosecutorial misconduct in a closing argument only if the misconduct is 'flagrant,' *or* if each of the following three conditions is satisfied: (1) proof of the defendant's guilt is not overwhelming; (2) defense counsel objected; and (3) the trial court failed to cure the error with a sufficient admonishment to the jury." *Barnes v. Commonwealth*, 91 S.W.3d 564, 568 (Ky. 2002).

We are persuaded that the prosecutor's statement under review falls well within the permissible range of commentary on the evidence. We see nothing in the statement that rendered the trial fundamentally unfair, and since the evidence of Appellant's guilt was overwhelming, we fail to see how the prosecutor's comments adversely affected the verdict.

We adhere to the long-settled standard of our predecessor court that "in making their arguments to the jury, [prosecutors] should confine themselves to the law and the evidence, and should not go outside of the record for the purpose of bringing to the attention of the jury matters which have no bearing whatever on the questions at issue, and which are conveyed to the jury for the sole purpose of inflaming their passions and exciting their prejudice." *Chicago, St. L. & N.O.R. Co. v. Rowell*, 151 S.W. 950, 955 (Ky. 1912) (citations omitted).

3

As with any matter, prosecutors may not include references to prison in their closing arguments in order to inflame the passions and prejudices of the jury. However, we have no bright line rule similar to our rule against commenting on a defendant's right to remain silent that prohibits the mere mention of "prison" in a prosecutor's guilt-phase closing argument.

In context, the prosecutor was plainly inferring from the evidence a plausible motive that might explain why Appellant would try to conceal and retain some of the stolen cash after his arrest. We see nothing unfair or improper about the comment. Accordingly, we are persuaded that no error occurred.

In any event, even if the comment were deemed to have crossed the bounds of propriety, it was harmless. Eye-witnesses allowed police to quickly identify and find Appellant and arrest him with some of the stolen money in hand, and more of the stolen money concealed on his person under circumstances that he could not plausibly refute. Furthermore, he admitted his guilt in a telephone call from the jail. In light of this overwhelming evidence of guilt, the prosecutor's fleeting reference to "prison" in Appellant's future could not possibly have swayed the verdict in this case. Evidentiary and other non-constitutional errors will be deemed harmless if we can say with fair assurance that the judgment was not substantially swayed by the error.

*Winstead v. Commonwealth,* 283 S.W.3d 678, 689 (Ky. 2009) (citation omitted).

4

For the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Linda Roberts Horsman
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Kenneth Wayne Riggs
Assistant Attorney General